IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17cv199

| | |
|---|---|
| TONY GALLOWAY and BRIDGETTE GALLOWAY,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>UP DISH SERVICES, LLC,  )<br>)<br>Defendant.  )<br>_____) | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is the Motion to Dismiss [# 7]. Plaintiffs brought this action asserting a breach of contract claim and a claim for detrimental reliance under North Carolina law. Defendant moved to dismiss both claims. In its reply brief, however, Defendant withdrew its motion to dismiss the breach of contract claim. Accordingly, only the motion to dismiss the detrimental reliance claim remains. The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 7].

**I.   Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in

1

the Complaint as true and construes them in the light most favorable to Plaintiffs. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II.  Analysis**

Plaintiffs assert a claim for detrimental reliance in the Complaint. Defendant moves to dismiss the claim on the grounds that no such claim exists under North Carolina law. In response to the motion to dismiss, Plaintiffs do not offer any case law or argument supporting such a claim. Rather, Plaintiffs contend that: "Even if Detrimental Reliance is not the proper label for the claim, the Plaintiffs' Complaint is sufficient to state a claim for damages incurred as a result of the Defendant's breach of contract and should be allowed to proceed to a jury." (Pls.' Resp. to Mot. Dismiss at p. 6, ECF No. 10-1.)

This Court has found no legal authority in North Carolina that would support the existence of an independent claim for detrimental reliance.[1] Moreover, to the

---

[1] Courts in other jurisdictions have noted that there is not an independent cause of action for detrimental reliance. See Guardian Pharmacy of Eastern NC, LLC v. Weber City Healthcare, Civil Action No. 2:12cv00037, 2013 WL 277771, at *7 (W.D. Va. Jan. 24, 2013) (holding that no independent cause of action for detrimental reliance exists under Virginia law); Weber v. Bank of America NA, C/A No. 0:13-cv-01999-JFA, 2013 WL 4820446, at *6 (D.S.C. Sept. 10, 2013) (finding no claim for detrimental reliance under South Carolina law); Varney v. Nationwide Mut. Ins. Co., Civil Action No. 2:11-cv-00205, 2011 WL 6153085, at *3 (S.D. W. Va. Dec. 12, 2011) (holding that there is no cause of action for detrimental reliance under West Virginia law).

3

extent that the detrimental reliance claim is mislabeled, Plaintiffs have failed to set forth any argument as to what viable claim Plaintiffs intended to assert. Because the Complaint fails to set forth a plausible claim for detrimental reliance or any other legal theory of recovery under North Carolina law, the claim is subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 7] and **DISMISS** the Second Claim for Relief in the Complaint.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 7] and **DISMISS** the Second Claim for Relief in the Complaint.

Signed: August 29, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).